## STATE ex rel. TOWN OF NICHOLS HILLS v. WILLIAMSON, Atty. Gen.

No. 27141. June 16, 1936.

Rehearing Denied Sept. 29, 1936.

Hayes, Richardson, Shartel, Gilliland & Jordan, for relator.

Mac Q. Williamson, Atty. Gen., and Stephen D. Holloway, for respondent.

GIBSON, J. This is a companion case to No. 27142, State ex rel. Town of El Dorado v. Mac Q. Williamson, Attorney General, 177 Okla. 526, 60 P. (2d) 1032. Here the town of Nichols Hills seeks a writ of mandamus directed to the Attorney General requiring him to approve certain refunding bonds issued by said town pursuant to the provisions of article 6, ch. 32, Session Laws 1935.

The present case involves the same legal questions as were involved in No. 27142, this day decided. Here, as there, we have the questions of the validity of the bond issue; and the validity of the county treasurer's agreement with a debtor municipality to accept its refunding bonds in lieu of the bonds representing the same obligation and held in the county sinking fund; and the Attorney General's duties with regard to approval of such bonds. The syllabus in that case is here adopted.

With reference to the aforementioned county treasurer's agreement, however, we have here the additional fact that the refunding bonds bear a lesser rate of interest than do the bonds he has agreed to surrender. We think this fact alone renders the agreement void. There exists no statutory authority, express or reasonably to be implied, whereby a county treasurer may enter into a valid agreement to exchange one security for another bearing a lesser rate of return. That, in effect, would permit the officer to remit a portion of the obligations held as sinking fund investments.

The agreement is therefore void, not alone for the reason that the exchange of securities does not fall within the implied powers of the treasurer as constituting a necessary step in the collection of the debt,

but as being an attempt to remit a portion of the obligations due the sinking fund.

The Attorney General was therefore justified in withholding his approval of the bond issue, and the writ should be denied. Writ denied.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. McNEILL, C. J., and BAYLESS, J., absent.